IN THE UNITED STATES DISTRICT COURT 
 FOR THE EASTERN DISTRICT OF VIRGINIA 
 Richmond Division 
DR. MARLA FAITH CRAWFORD, 
 Plaintiff, 
v. Civil Action No. 3:20-cv-923 
SCHOOL BOARD FOR RICHMOND 
CITY, et al., 
 Defendants. 
 OPINION 
 Dr. Marla Faith Crawford sues the School Board of the City of Richmond, the law firm of 
Harman, Claytor, Corrigan & Wellman, P.C. (“Harman Claytor”), and Harman Claytor partner 
David Corrigan for violating the Americans with Disabilities Act of 1990 (“ADA”), Section 504 
of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 729), the Individuals with Disabilities 
Education Act (“IDEA”), and the Fourteenth Amendment. The defendants move to dismiss 
Crawford’s complaint for lack of subject matter jurisdiction and for failure to state a claim.! (ECF 
Nos. 6, 9.) The Court finds that it has subject matter jurisdiction over Crawford’s suit, but, because 
she fails to state a claim, the Court will dismiss her complaint with prejudice. 
 I. BACKGROUND 
 In 2018, at the direction of an officer presiding over a special education due process 
hearing, Crawford conducted a functional behavior assessment and observed classrooms for 
Richmond City Public Schools (“RPS”). After Crawford finished assessing and observing, she 

 ! The defendants’ motions to dismiss include the required notice under Roseboro v. 
Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam). 

sent RPS a bill for $26,900.2 RPS thought this bill unreasonably high and declined to pay it in 
full. 
 Crawford then sued the School Board and one of its employees in Chesterfield County 
Circuit Court, seeking to collect this unpaid bill. Harman Claytor, through its partner Melissa 
York, represented the School Board in that case. Crawford voluntarily dismissed the Chesterfield 
suit. 
 Crawford then filed another lawsuit, this time in Richmond Circuit Court, against the 
School Board, RPS, and RPS Superintendent Jason Kamras to collect the same unpaid bill. York 
also represented the defendants in that case. York filed demurrers on behalf of RPS and Kamras; 
the Richmond Circuit Court granted both. York filed an answer on behalf of the School Board. 
 Shortly thereafter, Crawford moved for sanctions against York in Richmond Circuit Court. 
Crawford accused York of, among other things, including “false and misleading statements” in the 
answer she had filed on behalf of the School Board, “committing fraud on the Court,” and causing 
“unnecessary delay.” (ECF No. 7-6, at 2, 7.) On January 10, 2019, the Richmond Circuit Court 
held a hearing on Crawford’s motion and, on February 11, 2019, the Court issued its decision 
denying it. The Richmond Circuit Court explained that “Plaintiff failed to present any evidence 
that Ms. York filed any pleadings with false or fraudulent statements,” or any evidence that “Ms. 
York’s filing were done solely to cause unnecessary delay or needless increase in the cost of 
litigation.” (ECF No. 7-7, at 2.) The case proceeded to trial. 

 ? When analyzing Crawford’s complaint and understanding the circumstances from which 
it arises, the Court considered the exhibits that Corrigan attached to his brief in support of his 
motion to dismiss. (ECF Nos. 7-1—-7-13.) Because these exhibits are integral to Crawford’s 
complaint and because Crawford does not contest their authenticity, the Court may consider these 
documents at this stage of litigation. Gaines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th 
Cir. 2016).

 On December 13, 2019, several days before the scheduled start of trial in Richmond Circuit 
Court, Crawford filed a warrant in debt in Richmond General District Court. In this warrant in 
debt, Crawford claimed that York defamed her by accusing her of harassment at the January 10, 
2019 hearing in Richmond Circuit Court. (ECF No. 7-9.) 
 The morning of trial in Richmond Circuit Court, that Court sustained the School Board’s 
assertion of sovereign immunity. The Circuit Court, therefore, dismissed Crawford’s complaint 
on January 10, 2020. 
 On January 8, 2020, the School Board, represented by Harman Claytor’s David Corrigan, 
moved for sanctions against Crawford pursuant to Virginia Code § 8.01-271.1 in Richmond Circuit 
Court. The Circuit Court has delayed hearing argument on this motion for various reasons, 
including the COVID-19 pandemic, Crawford’s involvement in an automobile accident, and 
Crawford’s filing of a separate lawsuit in the Eastern District of Virginia against the Honorable 
Melvin Hughes, who presides over the Circuit Court proceedings. The motion for sanctions 
against Crawford, therefore, remains pending in Richmond Circuit Court. 
 This litigious history brings us to the dispute before this Court. On December 3, 2020, 
Crawford filed a complaint in this Court against the School Board, Harman Claytor, and Corrigan 
for violating the ADA, Section 504 of the Rehabilitation Act of 1973, the IDEA, and the Fourteenth 
Amendment. These claims arise from the January 8, 2020 “lawsuit against Plaintiff’—the motion 
for sanctions against Crawford pending in Richmond Circuit Court. (ECF No. 1, at 4.) According 
to Crawford, Corrigan filed this motion “because of the complaint [Crawford] filed against M. 
York” and, therefore, the motion amounts to retaliation. (/d.) 

 3 The General District Court dismissed the warrant in debt with prejudice on March 5, 
2020.

 II. LEGAL STANDARDS 
 A motion under Rule 12(b)(1) tests the court’s subject matter jurisdiction. The plaintiff 
bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. 
Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). 
 A Rule 12(b)(6) motion gauges a complaint’s sufficiency without resolving any factual 
discrepancies or testing a claim’s merits. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 
(4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as 
true and draw all reasonable inferences in the plaintiff's favor. Nemet Chevrolet, Ltd. v. 
Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must 
accept all allegations as true, however, does not apply to legal conclusions. Ashcroft v. Iqbal, 556 
U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts 
that, when accepted as true, state a claim to relief that is plausible on its face. Jd. “A claim has 
facial plausibility when the plaintiff pleads factual content that allows the court to draw the 
reasonable inference that the defendant is liable for the misconduct alleged.” Jd. 
 A complaint must contain “a short and plain statement of the claim showing that the pleader 
is entitled to relief.” Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Crawford does 
here, courts do not expect her to frame legal issues with the clarity and precision expected from 
lawyers. Accordingly, courts construe pro se complaints liberally. See Beaudett v. City of 
Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. Jd. Courts 
need not discern the unexpressed intent of the plaintiff or take on “the improper role of an advocate 
seeking out the strongest arguments and most successful strategies for a party.” Jd.

 IIAIN.A LYSIS 
ThCeou rc otn,stCrruaiwnfgcoo mrpdl'alsii rnbatelfi lndy st,hsahtae se srctlisam usn d er
theA DA,Se cti50o4no fth eR ehbailiAtctao t f1i9o7nt3 h,Ie ED A, adnt h Feortueneth 
Amendmen tT.hdee fenmdoavesnt tod i sm Cirsaswfcolradoi'nms s gt rwoou (n1ld)as oc:fk 
sbujemcatt jtuerri sdain (cd2 tfai)iluortones taac tlea im. 

 A.S ubjMeatcttJe urr isdiction 
The defendaarngutetsa h tth iCsou trl acsukbsj meattcetjr ud riicsotveirCo rna wford's 
complafoirtn wtreo a s oFnisra.slottu,hgC hr aw"foocrudc hheecrsl a aisam "1§9 8si3ut " ,her 
claiisnm o t mhoier ntaghn a rerpios f[ea. ]. co .mmolanwc on tcrlaatcihtmpa"rt e sneofen detrlsa 
questifoorthn is Cotu tord ec i(dEeCN.oF1. ,0 a 8t. )And becau Csrweaforddo neotsa llege 
dvieritsoycf i tizethsniC sohu liarpcts,ku sb mjatetcjetur r is Tdhiedcfe etnidoaanln.satorsu g et hat 
tehR ooker-dFoeclntdebarm riCasrnw a fordc'osm plaint. 
As forth e firsatrm geunaltot,uh gChr aorwdfg'rsi apreeifr sosm ac ontdirpsuatch ete, r 
complaalliengtte htsaeh tde fendanrteslit aatagaeidn hsre tb yfilinga m otfoiros nnact ioinns 
violofatht eUi. oSCn.o nstintdvau rotiuifsoe nd leaarswa.Cl fC usvtS.ew reee ny8,9F. 31d1 56, 

116(4t5Ch i 1r99.6 )("'[L]noofao rtkht ehr tah nep laicnotmipffilsnda etienrtm wihentih naeg r 
lawsuraiitsi essso uffee dse lraacwla pao bfclree afetdeirnagl o-nqju ureisstduiidnce2tr8i on 
U.S§.1 3C3..1 ." A)lhotugthheC o urwti dlimlsi ssh ecro mpli watiidlnoslt bo ,eacuCsraew ford's 
compfalia ltissont taa c ltiaem n,ob te catuhCseoer ul ta cjkusr isovderit chdteii tsoepn.u 
Regartdhdieen fegn d saceonndt asru'gmet nhteR, ooker-dFoecltbdrasmiar afen ndee r l a
courfrto mha vjiunrgi sovdeiclrcma tsiti ho"anwt e erieta hcetruad jauldliy bc ytha ets etcdaoutret 
or weroet heirnweixsteri inctaebrwltiywtt ihh ine useesdis tnh es tjautidecp ioraeclde ign.O"l iver 
v. VaB.d o.fB aErxam'3r1Fs2. S, u p3dp 5.1 ,5525( E.VaD 2..0 18")Afe. d ecrlaalii sm 
inextricably intertwined with the state-court judgment if the federal claim succeeds only to the 
extent that the state court wrongly decided the issues before it.” Allstate Ins. Co. v. W. Va. State 
Bar, 233 F.3d 813, 819 (2000) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) 
(Marshall, J., concurring)). Here, although Crawford’s claims “arise directly out of the underlying 
[state] actions,” she does not ask this Court to review the state court decisions. (ECF No. 10, at 
10.) Instead, Crawford alleges that the School! Board filed its motion for sanctions against her in 
retaliation for her previous motion for sanctions against York. The state court did not adjudicate 
this claim, And because Crawford’s success on these claims does not depend on whether the state 
court “wrongly decided” anything, her claims are not “inextricably intertwined with the issues in 
the state judicial proceeding.” Oliver, 312 F. Supp. 3d at 525. The Court, therefore, finds that the 
Rooker-Feldman doctrine does not bar it from exercising jurisdiction over Crawford’s complaint. 
 B. Failure to State a Claim 
 1, ADA 
 Construing Crawford’s complaint liberally, she alleges a violation of the ADA’s anti- 
retaliation provision, which prohibits retaliation against someone who has “opposed any act or 
practice made unlawful” by the ADA. 42 U.S.C. § 12203(a). Even accepting all allegations in 
her complaint as true and drawing all reasonable inferences in her favor, however, Crawford fails 
to allege a violation of this provision. She alleges that the School Board filed its motion for 
sanctions in retaliation against Crawford for her motion for sanctions against York. But 
Crawford’s filing of a motion for sanctions against York did not “oppose[] any act or practice 
made unlawful by the ADA” Jd. And the ADA’s anti-retaliation provision does not prevent the 
defendants from moving for sanctions against Crawford for filing an allegedly frivolous motion. 
Thus, Crawford fails to state a claim against the defendants for violating the ADA.

 2. Section 504 of the Rehabilitation Act 
 Crawford also alleges that the defendants violated § 504 of the Rehabilitation Act. Because 
Crawford does not allege that she is a “qualified individual with a disability,” she fails to state a 
claim under this provision. 29 U.S.C. § 794(a) (“No otherwise qualified individual with a 
disability in the United States . . . shall, solely by reason of her or his disability, be excluded from 
the participation in, be denied the benefits of, or be subjected to discrimination under any program 
or activity receiving Federal financial assistance . . . .”). 
 3. IDEA 
 The IDEA “seeks to ensure that all children with disabilities have available to them a free 
appropriate public education that emphasizes special education and related services designed to 
meet their unique needs and prepare them for further education, employment, and independent 
living.” ML. by Leiman y. Smith, 867 F.3d 487, 493 (4th Cir. 2017) (quoting 20 U.S.C. § 
1400(d)(1)(A)). The Court cannot discern how the IDEA affords Crawford relief. See JW. v. 
Johnston Cnty. Bd. of Educ., No. 5:11¢v707, 2014 WL 4771613, at *8 (E.D. N.C. Sept. 24, 2014) 
(“The IDEA does not... establish a private right of action for special-education teachers or other 
advocates for disabled students.”). 
 4. Section 1983 
 That leaves Crawford’s § 1983 claims against the defendants for violating the Fourteenth 
Amendment. Although Crawford claims she brings an “Equal Access” claim, she does not allege 
any facts that lend themselves to analysis under the Equal Protection Clause. Thus, the Court, 
construing Crawford’s complaint liberally, finds that she alleges a due process violation. But “in 
order to claim entitlement to the protections of the due process clause—either substantive or 
procedural—a plaintiff must first show that she has a [(1)] constitutionally protected liberty or

property interest and [(2)] that she has been deprived of that protected interest [(3)] by some form 
of state action.” Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (cleaned 
up). Crawford alleges no constitutionally protected liberty or property interest, nor does she allege 
that the School Board’s pending motion for sanctions against her deprived her of any 
constitutionally protected interest. Thus, Crawford fails to state a claim for any constitutional 
violations against the defendants.° 
 C. Res Judicata 
 Crawford’s complaint leaves open the possibility that she seeks to relitigate her contract 
dispute with RPS in federal court. The defendants argue that res judicata bars the Court’s 
consideration of this contract claim. “Federal courts must give the same preclusive effect to a state 
court judgment as the forum that rendered the judgment would have given it.” Sartin v. Macik, 
535 F.3d 284, 287 (4th Cir. 2008). Under Virginia law, “[a] valid, personal judgment on the merits 

 4 Although her complaint does not make it plain, Crawford might allege that the School 
Board’s motion for sanctions will deprive her of property. This allegation depends on whether the 
Richmond Circuit Court grants the motion for sanctions and orders Crawford to pay some amount 
of money to the School Board. Because the motion remains pending, however, Crawford lacks 
standing to assert this claim. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-48 (2016) (noting 
that “[iJnjury in fact is a constitutional requirement” and “[t]o establish injury in fact, a plaintiff 
must show that he or she suffered ‘an invasion of a legally protected interest’ that is ‘concrete and 
particularized’ and ‘actual or imminent, not conjectural or hypothetical’” (quoting Lujan v. Defs. 
of Wildlife, 504 U.S. 555, 560 (1992))). 
 Even if the Richmond Circuit Court had already granted the School Board’s motion for 
sanctions and ordered Crawford to pay some amount to the School Board, Crawford’s claim would 
still likely fail. A Virginia court’s proper imposition of a monetary sanction pursuant to Virginia 
Code § 8.01-271.1 does not violate the due process rights of the party ordered to pay. 
 5 Crawford’s § 1983 claim against Corrigan and Harman Claytor fails for an additional 
reason. To prove a § 1983 action, the plaintiff must allege that the defendants acted “under color 
of state law in the actions complained of.” Clark v. Link, 855 F.3d 156, 161 (4th Cir. 1988). 
Crawford does not allege that Corrigan or his law firm acted “under color of state law” when filing 
the motion for sanctions against Crawford on behalf of the School Board. See Fleming v. Asbill, 
42 F.3d 886, 890 (4th Cir, 1994) (explaining that “[p]rivate lawyers do not act ‘under color of state 
law’ merely by making use of the state’s court system” on behalf of a client).

in favor of defendant bars relitigation of the same cause of action, or any part thereof which could 
have been litigated, between the same parties and their privies.” Bates v. Devers, 214 Va. 667, 
670, 202 S.E.2d 917, 920 (1974) (footnote omitted). Thus, the Richmond Circuit Court’s January 
10, 2020 dismissal of Crawford’s lawsuit against the Schoo! Board to collect the unpaid bill, (ECF 
No. 7-12), precludes this Court’s consideration the same contract dispute. The Court, therefore, 
dismisses Crawford’s complaint to the extent she attempts to relitigate the underlying contract 
dispute. 
 IV. CONCLUSION 
 For the foregoing reasons, the Court will grant the defendants’ motions to dismiss. (ECF 
Nos. 6, 9.) The Court will issue an appropriate Order. 
 Should Crawford wish to appeal this Opinion and Order, she must file a written notice of 
appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within 
thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period 
may result in the loss of the right to appeal. 
 It is so ORDERED. 
 Let the Clerk send a copy of this Order to the pro se plaintiff. 

Rh a 
Bidianond. WA John A. Gibney, Jr. , 
 ; United States DistrictJudge